# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON, | CASE NO.   1:09-cv-1966-OWW-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION TO ENJOIN DEFENDANTS (DOC. 6) |
| v. | AND |
| I. PATEL, | OVERRULING OBJECTION (DOC. 13) |
| Defendant. | |

Plaintiff initially filed this action in Kern County Superior Court on May 28, 2009 alleging that Defendants Patel and Delio violated his rights under the Eighth and Fourteenth Amendments. On November 9, 2009, Defendant Patel filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) based on this Court's original jurisdiction over Plaintiff's federal claims.

Plaintiff has now filed a Motion to Enjoin Defendants (Docket # 6) and attached a Proof of Service on Defendant Delio. The Proof of Service states that Delio was served on November 10, 2009. Plaintiff argues that Delio should be forced to answer his claim because he has been served with a copy of the Complaint. However, because the case had already been removed to this Court when Delio was served, Plaintiff's service of Delio was invalid. See 28 U.S.C. § 1448 (requiring new service of process on defendants not served prior to removal). Accordingly, Plaintiff's Motion to Enjoin Defendants (Docket # 6) is DENIED.

Plaintiff has also filed an Objection to the Reassignment and Separation of Defendants in this matter (Docket # 13) in which he alleges that Defendants removed this action in an attempt to

1

separate his claims against the two defendants. Plaintiff alleges that his claim against Delio is still pending in the Kern County court system and that it is unfair to require him to proceed on his claims in two separate courts. It appears, however, that Plaintiff is mistaken in his belief that his claims against Delio are still pending in Kern County. Plaintiff's entire case was removed to this Court and his claims against both Patel and Delio are pending before the Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court has not yet screened Plaintiff's Complaint but, when it does so, it will screen the entire Complaint, including his claims against both Patel and Delio. If the Court determines that any of Plaintiff's claims against Delio are cognizable, it will order that Delio be served with a copy of the Complaint. The Court will not, however, require that Delio be served prior to the completion of the screening process. Accordingly, Plaintiff's Objection (Docket # 13) is OVERRULED.

IT IS SO ORDERED.

Dated:   June 14, 2010                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

2