1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON, | CASE NO.    1:09-cv-01966-OWW-MJS (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 3) |
| LARRY DELIO, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

_____/

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Anthony Gaston ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  He is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 in California State Court.  Defendant Patel removed the action to this Court on November 9, 2009.  (ECF No. 3.)

Plaintiff's Complaint is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has failed to state a claim upon which relief may be

1

granted.

## II.   <u>SCREENING REQUIREMENTS</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

## III.   <u>SUMMARY OF COMPLAINT</u>

Plaintiff brings this action for violation of his Eighth and Fourteenth Amendment rights and also asserts state tort claims.  Plaintiff names the following individuals as Defendants in their individual and official capacities: Doctor Larry Dileo and Doctor Ismail

Patel.

Plaintiff alleges the following: In August 2006, Defendant Dileo effectively discontinued Plaintiff's pain medication by refusing to renew or refill a prescription. Driven by the intense pain, Plaintiff attempted suicide on September 6, 2006 by cutting his wrists. Defendant Dileo attended to Plaintiff's injuries but did not use sutures to close the wounds.

Defendant Dileo then had Plaintiff moved to administrative segregation. On September 12, 2006, Plaintiff's pain again became intense and he cut his left wrist a second time. He was admitted to the Correctional Treatment Center ("CTC") where he received treatment for his injuries, but again, no sutures. During his time in CTC, Plaintiff suffered repeated blackouts which led to five or six more suicide attempts. Defendant Patel did not treat Plaintiff for his injuries nor did he document Plaintiff's injuries. Plaintiff was on suicide watch for three months.

Plaintiff claims that he has keloid scarring on his forearms caused by not receiving sutures for his self-inflicted suicide attempts injuries.

On July 30, 2007, Plaintiff requested a refill of his pain medication. The prescription was set to expire August 2. Defendant Dileo scheduled an appointment with Plaintiff for August 15. Plaintiff was in pain from August 2 until November 2, 2007.

Plaintiff seeks compensatory and punitive damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

3

redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

A.    **Eighth Amendment Claims**

1.    Medical Care

Plaintiff alleges that Defendants failed to provide adequate medical care by not using sutures on his self-inflicted injuries.

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

4

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that he attempted suicide multiple times and received treatment for each attempt.  Plaintiff claims that the injuries sustained by the suicide attempts required

5

sutures.  Defendant Dileo, who treated Plaintiff following each suicide attempt, apparently felt that the wounds were superficial and did not require sutures.

As plead, Plaintiff's allegations fail.  Mere disagreement with a Doctor's chosen treatment does not state a claim for relief under the Eighth Amendment. Plaintiff does not state that the treatment he received was medically unacceptable under the circumstances. He fails to demonstrate that Defendant Dileo was deliberately indifferent.  The fact that Plaintiff apparently received treatment promptly following each of his suicide attempts demonstrates anything but deliberate indifference.  The only reference to Defendant Patel is Plaintiff's statement  that Defendant Patel did not treat him or document his injuries. Without more, this does not state a claim.  There is no allegation Defendant Patel was aware of a serious medical need and was  deliberately indifferent to that need.

For  these reasons, Plaintiff's claims fail  to state an Eighth Amendment claim.  The Court will grant Plaintiff leave to amend this claim to address the deficiencies noted herein

2.      Cruel and Unusual Punishment

Plaintiff appears to be alleging that allowing him to suffer without pain medications was cruel and unusual punishment.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."

Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Medical care less prompt or efficient than a free citizen might receive also does not constitute deliberate indifference. See Wood v. Housewright, 900 F.2d. 1332, 1335 (9th Cir. 1990). In order for delay in treatment to constitute an Eighth Amendment violation, the delay must cause substantial harm. See id. (holding that a delay in treatment did not substantially harm the plaintiff since the only remedy immediately available was a prescription for pain killers); see also Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985) ("[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference....").

Though not perfectly clear, it appears that Plaintiff is claiming that Defendant Dileo wrongfully caused a delay in refilling Plaintiff's pain medication. According to the

7

pleadings, that delay was only between August 2 and August 15.  However, Plaintiff then states that he was in pain until November because Defendant Dileo failed to increase Plaintiff's pain medication dosage.  The Court will address these allegations separately.

As to the delay claim, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.  As stated above, mere delay alone is not sufficient to state an Eighth Amendment violation claim.  Moreover, Plaintiff does not state that the delay caused him any further harm or that the delay was intentional or deliberate.  While it might be that  Defendant Dileo was on notice of Plaintiff's suicide risk while  off pain medication, Plaintiff does not state that he was off pain medication during the period in question or that the delay actually caused him to harm himself or caused him any harm at all.

In his statement of the case, Plaintiff claims that his pain medication was about to expire. Attachments to the   Complaint (ECF No. 3, Pl.'s Compl. p. 23) indicate that Plaintiff's prescription did not expire. There was one medication Plaintiff had been prescribed which was not going to be continued;  the Court assumes that is the reason the appointment with Defendant Dileo was necessary.

As to the claim that Dileo failed to increase Plaintiff's pain medication, it appears that Plaintiff merely disagreed with Defendant Dileo's treatment choice.   Such disagreement is not sufficient to state a claim for cruel and unusual punishment.  Plaintiff's allegations are better suited for an inadequate medical care claim as stated above. However, even in that analysis, Plaintiff's claims fail.   Plaintiff does not allege that Defendant Dileo's treatment choice was medically unacceptable or in conscious disregard of an excessive risk to Plaintiff's health.  Plaintiff is granted leave to amend.

////

8

### B.   Fourteenth Amendment

Plaintiff appears to be claiming that his rights of due process were violated by his placement in administrative segregation.

### 1.   Substantive Due Process

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian, 491 F.3d 1086 (9th Cir. 2007); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).   In resolving a Fourteenth Amendment substantive due process claim, the Court must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'" White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999).

Plaintiff has not alleged any facts showing any substantive due process violation. He simply alleges that he was arbitrarily placed in ad-seg by Defendant Dileo.  This is not enough for the Court to determine if a violation occurred.   Moreover, Plaintiff's admited repeated suicide attempts certainly could have served as the basis for his transfer to ad-seg.  Thus, he has failed to demonstrate a violation of his right of due process under the

9

substantive component of the Due Process Clause.  The Court will grant Plaintiff leave to amend.

## 2.   Procedural Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for a due process deprivation, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

The Due Process Clause alone creates no liberty interest in remaining in the general prison population.  Hewitt v. Helms, 459 U.S. 460, 468 (1983) (overruled on other grounds).  Prisoners may be housed in administrative segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or pending investigation of disciplinary charges, transfer, or re-classification.  Id.  The allegation that a plaintiff was placed in administrative segregation does not in and of itself state a claim for relief based on deprivation of due process.  May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  The Ninth Circuit has explicitly found that "administrative segregation falls within the terms of confinement

10

ordinarily contemplated by a sentence." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1091-92 (9th Cir. 1986), abrogated on other grounds by <u>Sandin</u>, 515 U.S. 472.

Plaintiff simply protests his being sent to administrative segregation.  He fails to establish the existence of a liberty interest that was violated during his time in administrative segregation.  As noted, the mere placement in administrative segregation does not state a cognizable claim for violation of Plaintiff's right to procedural due process. The Court will give Plaintiff leave to amend his complaint on this claim.

### C.    First Amendment

Plaintiff states that Defendants were retaliating against him by placing him in ad-seg.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has failed to plead facts sufficient to sustain a claim of retaliation by prison officials.  Plaintiff fails to state what protected conduct he was engaged in  that Defendant Dileo retaliated against him for.  He also does not state, and it does not appear, that his free speech was being chilled.  Attachments to the Complaint demonstrate that Plaintiff continuously filed grievances and appealed decisions regarding those grievances for the incidents described herein.  Plaintiff also has failed to demonstrate that the actions taken by Defendants were not intended to reasonably advance a legitimate correctional goal.

Placement in ad-seg can be an adverse action.  Thus, Plaintiff has satisfied the first

—

prong of a retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff has failed to allege what his protected conduct was. Although filing a grievance is a protected action under the First Amendment, Plaintiff has failed to allege that his grievance was the motivating factor behind his placement in ad-seg. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Attempting suicide is not a protected activity. As such, Plaintiff has failed to satisfy the second or third prongs of the retaliation claim.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Though Plaintiff has failed to plead any facts as to whether he was chilled by being put in

ad-seg, the Court finds that he has satisfied the fourth prong because a person of ordinary firmness would be chilled by such activities.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Though this is not a high burden, see id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry), Plaintiff has failed to allege any facts tending to show that the move to ad-seg did not advance any legitimate penological goal. To the contrary, it is reasonable to believe that placement in ad-seg following a suicide attempt advances a legitimate penological interest. Absent an allegation that the reason for Plaintiff's placement in ad-seg did not advance a legitimate penological interest, Plaintiff cannot satisfy the fifth prong of a retaliation claim.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. The Court will give Plaintiff leave to amend and cure the deficiencies noted herein.

### D.    State Tort Claims

Plaintiff alleges medical malpractice/professional negligence against Defendants. The Court does not reach the viability of Plaintiff's state law tort claims at this time because the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

### E.    Personal Participation By Defendants

13

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has only made one statement regarding Defendant Patel stating that he did not treat him or document his injuries. None of Plaintiff's remaining allegations are specifically linked to Defendant Patel. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order as to Defendant Patel.

## V.    **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct.

14

at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court.  Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-1966-OWW-MJS (PC); and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for

////

////

15

failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.


Dated:    December 22, 2010           /s/ *Michael J. Seng*

ci4d6                             UNITED STATES MAGISTRATE JUDGE