UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LARRY DELIO, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-01966-OWW-MJS (PC)<br><br>ORDER DISREGARDING FIRST AMENDED COMPLAINT<br><br>(ECF No. 17)<br><br>**SECOND** AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**ORDER**

Plaintiff Anthony Gaston ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). He is proceeding pro se. He originally filed this civil rights action pursuant to 42 U.S.C. § 1983 in California State Court. Defendant Patel removed this action to this Court on November 9, 2009. (ECF No. 3.)

Plaintiff filed a First Amended Complaint on December 21, 2010. (ECF No. 17.) It was entered into the Court's electronic docketing system on December 22, 2010. (Id.) The Court's Screening Order analyzing Plaintiff's original Complaint was signed on December 22, 2010 and filed on December 23, 2010. (ECF No. 18.)

1

Given this sequence of filing events, it is clear Plaintiff wrote and filed his First Amended Complaint without having had the benefit of the analysis and legal reasoning in the Court's Screening Order. The Ninth Circuit has held that courts have a duty to "provide a pro se litigant with notice of the deficiencies in his or her complaint [to] help[] ensure that the pro se litigant can use the opportunity to amend effectively. . . . Amendments that are made without an understanding of underlying deficiencies are rarely sufficient to cure inadequate pleadings." Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Because Plaintiff filed his First Amended Complaint before he had the benefit of the Court's Screening Order, the Court will disregard that Complaint and direct Plaintiff to file a **Second** Amended Complaint addressing the potentially correctable deficiencies identified by the Court in its Screening Order.

As stated in the Screening Order, although Plaintiff has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "**Second** Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff shall caption the amended complaint "**Second** Amended Complaint" and refer to the case number 1:09-cv-1966-OWW-MJS (PC); and

2. Plaintiff's **Second** Amended Complaint is due within thirty (30) days from the date of service of this order;

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  December 23, 2010           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE