UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>          Plaintiff,<br><br>     v.<br><br>I. PATEL,<br><br>          Defendant.<br>_____/ | CASE NO.   1:09-cv-1966-OWW-MJS (PC)<br><br>ORDER DENYING MOTION FOR GUIDANCE<br><br>(ECF No. 23) |

Plaintiff Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court a document entitled "Plaintiff seeks Protective Order Requiring Respondents Agent's to Provide Additional Copies in this Matter as it is Proper." (ECF No. 23.) Plaintiff complains that he is having trouble obtaining all of the copies he needs to file documents in this case. Plaintiff claims that law librarians at his prison have informed him that he will not get the copies he requests until he withdraws one of his pending 602s. Plaintiff asks the Court for "guidance . . with respect[] to whether Plaintiff needs to remove or with draw [sic] the enclosed exhibit 602."

The Court cannot provide Plaintiff with the requested guidance.  The only dispute

before the Court in this case is whether Defendants Larry Dileo and Dr. Patel violated Plaintiff's constitutional rights by providing inadequate medical treatment.  (ECF No. 18.) The Court cannot issue advisory opinions related to issues that are not before the Court. See North Carolina v. Rice, 404 U.S. 244, 246 (1971).  Providing Plaintiff advice as to how to handle his grievances and determining whether Plaintiff is entitled to additional copies of his legal materials are matters outside of the scope of the issues before the Court in this action.

Moreover, the Court has no jurisdiction to issue an order requiring the law librarians (or other prison officials) to provide Plaintiff with copies.  The Court has jurisdiction in this action over only the named Defendants—Dr. Patel and Larry Dileo.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (court has jurisdiction over only the named parties).

Accordingly, Plaintiff's Motion for Guidance is DENIED.  While the actions complained of in Plaintiff's motion may give rise to a separate lawsuit, the Court cannot provide Plaintiff any relief in this case for those allegedly wrongful acts.  As they do not arise from the same transaction, occurrence, or series of transactions or occurrences as the medical dispute at the heart of this matter, Plaintiff should not include any of the allegations in the instant motion in his amended complaint.  See Fed. R. Civ. P. 20, 21 (case may contain only those claims that arise out of the same transaction, occurrence, or series of transactions or occurrences).

IT IS SO ORDERED.

Dated:   March 12, 2011                     /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE