1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>          Plaintiff,<br><br>     v.<br><br>I. PATEL, et al.,<br><br>          Defendants. | Case No.  1:09-cv-01966-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (1) WITH LEAVE TO AMEND THE RETALIATION CLAIM AGAINST DEFENDANT DILEO, and (2) WITHOUT LEAVE TO AMEND AND WITH PREJUDICE AS TO ALL OTHER CLAIMS AND DEFENDANT PATEL**<br><br>**(ECF No. 27)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Anthony Gaston is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed for failure to state a claim, but Plaintiff was granted leave to file an amended pleading. Plaintiff filed a first amended complaint and now a second amended complaint. The latter is now before the Court for screening.

For the reasons set forth below, the undersigned recommends the second amended complaint be dismissed for failure to state a claim, but leave be granted to amend the retaliation claim against Defendant Dileo, and leave to amend be denied as

to all other claims and Defendant Patel.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### III.     PLAINTIFF'S ALLEGATIONS

Plaintiff is currently housed at California State Prison – Sacramento. He was housed at Kern Valley State Prison (KVSP) during 2006-2007 when this action arose. Plaintiff complains that while he was undergoing methadone treatment and detoxification, Defendants Dileo and Patel, both KVSP medical doctors, retaliated against him, acted indifferently to his medical needs, denied him due process with regard to health care appeals and his confinement to segregated housing, and committed state law malpractice.

More specifically, Plaintiff alleges that:

His medical treatment plan required pain management with multiple drugs, including methadone.

Dileo reduced and discontinued Plaintiff's methadone, knowing the medication was recommended and approved by numerous specialists, and knowing that Plaintiff should have been re-examined before his medical plan was altered. Dileo did not restore the methadone dosage desired by Plaintiff even though Plaintiff complained of continuing pain, had repeated "man down" incidents, and suffered lacerations to his forearms from suicide attempts. Dileo treated Plaintiff's lacerations as superficial cuts and used band aids rather than sutures on them. Dileo referred Plaintiff to a neurologist who increased Plaintiff's methadone, but it took approximately three months for Plaintiff to see the neurologist. Because Dileo falsely suggested to prison officials that Plaintiff was "drug seeking", Plaintiff was placed in administrative segregation.

Patel also failed to restore Plaintiff's desired dosage of methadone, even though he knew, as did Dileo, that the loss of methadone left Plaintiff suicidal. Patel also responded to suicidal forearms cuts with band aids rather than sutures.

Defendants' "cold turkey" methadone detoxification caused physical and emotional harm. The failure to suture his forearm lacerations caused keloid scarring and nerve damage.

Dileo's actions were in retaliation for Plaintiff setting his cell on fire in a suicide attempt, filing 602's against Dileo's colleagues, and mispronouncing Dileo's name.

Plaintiff seeks monetary damages, Court ordered skin graft to his forearms, and a declaration his rights were violated.

## IV. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. No Retaliation Claim

Plaintiff complains Dileo retaliated against him for attempting suicide, filing unspecified 602's against third parties, and mispronouncing Dileo's name.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff has not alleged facts suggesting, even circumstantially, that protected conduct was a "substantial or motivating factor behind the [Defendant's] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). He also has failed to allege facts suggesting there was no penological purpose for the alleged retaliation. Suicide attempts and name mispronunciation are not activities protected by the First Amendment. The filing of 602 appeals is protected, but Plaintiff does not allege facts suggesting Dileo was aware of the 602's and motivated by them to retaliate against Plaintiff, without an institutional purpose, and caused Plaintiff harm.

The undersigned recommends Plaintiff be given **one final opportunity** to amend

4

1 this claim. If Plaintiff chooses to amend, he should state facts demonstrating that Dileo
2 retaliated against him for having engaged in specified conduct protected by the First
3 Amendment, that there was no penological justification for Dileo's action, and that
4 Plaintiff suffered harm as a result.

**B.     No Medical Indifference Claim**

Plaintiff complains Defendants' weaning him off methadone was not recommended by specialists and left him in pain to the point he lacerated his own arms and then received improper treatment of the lacerations.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Pain and detoxification symptoms requiring prescription drug management, and lacerations requiring treatment, present serious medical conditions satisfying the first prong of medical indifference. See McGuckin, 974 F.2d at 1059–60.

However, Plaintiff's allegations do not reflect deliberate indifference to a serious risk. Defendants repeatedly treated Plaintiff. They had his lacerations cleaned and bandaged. They provided prescription drug pain therapy. Dileo referred him to an outside neurological specialist for more definitive evaluation and treatment.

Plaintiff has no federal right to his desired treatment, drugs and drug dosages. His and other healthcare professionals' disagreement with Defendants' treatment decisions are not alone a basis for a medical indifference claim. "A difference of opinion

5

between a prisoner-patient and prison medical authorities, and between medical professionals, regarding treatment does not give rise to a[§] 1983 claim", Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981); see also Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012), unless the chosen course of treatment was medically unacceptable under the circumstances and in conscious disregard of an excessive risk to the prisoner's health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Defendants managed Plaintiff's pain with prescription medications during methadone detoxification. Plaintiff was not subjected to a "cold turkey" detoxification. Nothing suggests Defendants' protocol for methadone detoxification was medically unacceptable and contrary to CDCR purposes and policies. See French v. Daviess County, Ky., 376 Fed.Appx. 519, 522 (6th Cir. 2010) (no deliberate indifference in weaning prisoner off prescription narcotic using a weaker drug so as to minimize withdrawal symptoms). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." Graham ex rel. Estate of Graham v. County of Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004).

The neurologist's decision to increase Plaintiff's methadone does not alone suggest Defendants' indifference. As noted, a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. See Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Nothing suggests methadone treatment was the only medically acceptable treatment.

So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation. Evan v. Manos, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004). Defendants apparently were aware of Plaintiff's condition, medical treatment plan and his response to the methadone detoxification process. See e.g., Corley v. Prator, 290 Fed.Appx. 749, 752 (5th Cir.

2008) (no deliberate indifference where inmate's withdrawal from prescription pain medication resulted in suicide attempt).

Plaintiff complains he waited approximately three months to see the neurologist. But he provides no facts suggesting the alleged delay was caused by Dileo and or that Dileo was indifferent to his needs. Cf., Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference). Plaintiff does not claim Dileo was aware of any delay and of a risk associated with such delay and refused to act.

Even if Defendants were medically negligent as Plaintiff suggests, mere negligence, or medical malpractice will not support a federal medical indifference claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

For the reasons above, Plaintiff does not state a medical indifference claim. He does not show Defendants knowingly denied, delayed, or interfered with his treatment, or provided medically unacceptable treatment. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Plaintiff was advised of the deficiencies in this claim in the previous screening order, but has failed to correct them. No useful purpose would be served in repeating that advice and giving yet another opportunity to follow it. Leave to amend this claim should be denied.

**C.     No Due Process Claim**

Plaintiff complains Defendants denied him due process.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

The above allegations relating to medical care are properly analyzed under the Eighth Amendment, rather than the rubric of substantive due process under the Fourteenth Amendment. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

Plaintiff attributes his assignment to administrative segregation to Dileo's comment that Plaintiff was merely seeking drugs. Even if true, Plaintiff has no due process right to avoid administrative segregation. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002) ("Because disciplinary detention and administrative segregation [are] the sort[s] of confinement that inmates should reasonably anticipate receiving at some point in their incarceration, Torres's transfer to less amenable and more restrictive quarters did not implicate a liberty interested protected by the Due Process Clause"), quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983). Plaintiff does not suggest he was denied process due him relative to administrative segregation.

Plaintiff also complains his 602 appeals were not properly processed. However, Plaintiff may not state an independent due process claim relating to the manner of processing and resolving 602's. Prison staff actions in responding to prison appeals and grievances alone can not give rise to any claim for relief under § 1983 for violation of due process. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982).

Without establishing the existence of a protected liberty interest, Plaintiff may not pursue a claim based on denial of due process. Plaintiff was advised of the deficiencies in this claim in the previous screening order, and failed to correct them. As above, leave to amend would be futile and should be denied.

**D.     No Injunctive Relief**

Plaintiff wants the Court to order that he receive a skin graft.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Since Plaintiff has not stated a cognizable federal claim, he can not meet either of the above criteria for injunctive relief, and it should be denied.

### E.   No Supplemental Negligence Claim

Plaintiff claims Defendants were medically negligent under state law.

The Court need not address the viability of Plaintiff's state negligence claim because the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

## V.   CONCLUSIONS AND RECOMMENDATIONS

The second amended complaint does not state any cognizable federal claim. Leave to amend should be granted on the retaliation claim against Defendant Dileo, and denied with prejudice as to the other claims and Defendant Patel.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that the second amended complaint be dismissed for failure to state a claim, with leave to amend the retaliation claim against Defendant Dileo, and without leave to amend and

with prejudice as to all other claims and Defendant Patel.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 18, 2013            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

10